<u>NOT FOR PUBLICATION</u>                                  [Docket No. 16]

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| RICHARD MAY, : | |
| : | |
| Plaintiff, : | |
| : | Civil No. 09-3253 (RMB) |
| v. : | |
| : | **OPINION** |
| ANTHONY CHIRICHELLO : | |
| et al., : | |
| : | |
| Defendants. : | |

Appearances:

Surinder K. Aggarwal
William H. Buckman
The William H. Buckman Law Firm
Moorestown Office Center
110 Marter Ave, Suite 209
Moorestown, NJ 08057

    Attorney for Plaintiff Richard May

Henry Marcel
Deasey, Mahoney, Valentini & North, LTD
80 Tanner Street
Haddonfield, NJ 08033-2419

    Attorney for Defendant Anthony Chirichello.

**BUMB**, UNITED STATES DISTRICT JUDGE:

    This matter comes before the Court upon a motion to dismiss for failure to state an actionable claim and for lack of subject-matter jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), by defendant Anthony Chirichello ("Defendant

1

Chirichello"). Plaintiff Richard May ("Plaintiff") brought this suit alleging violations of the United States and New Jersey Constitutions, as well as a claim of common-law trespass. Specifically, Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 based upon his allegation of a conspiracy between Defendant Chirichello, a process server, and police officer Ronald Sanna, Jr. ("Defendant Sanna") to deprive Plaintiff of his civil rights. Defendant Chirichello now moves to dismiss Plaintiff's Complaint on the grounds that it fails to allege facts sufficient to establish Defendant's liability under a theory of conspiracy. Additionally, Defendant Chirichello urges the Court to dismiss Plaintiff's state-law claims for lack of subject-matter jurisdiction. For the reasons set forth herein, the Court will grant the motion to dismiss as to the § 1983 claim, but deny the motion as to the state-law claims.

**Background**

On July 2, 2007, Defendant Chirichello arrived at Plaintiff's home supposedly to serve process upon Plaintiff's son. (Compl. at 2.) Plaintiff's home is located on a large piece of property and Defendant Chirichello had to pass through a gate and drive a significant distance once inside to reach the home. (Id. at 2-3.) When Defendant Chirichello arrived at the home, he peered through Plaintiff's windows, which were neither

"open [nor] visible to the public." (Id. at 3.)  Plaintiff exited his home and told Defendant Chirichello to leave his property, but Defendant Chirichello refused. (Id.)  The police were then contacted and Defendant Sanna responded.[1] (Id.)  When he arrived at Plaintiff's property, Defendant Sanna conferred primarily with Defendant Chirichello and subsequently "body slammed" Plaintiff. (Id.)  Plaintiff retreated to his porch, but was again "physically hit and assaulted" by Defendant Sanna. (Id.)  Defendant Sanna then arrested Plaintiff for "obstruction of the administration of law and resisting arrest." (Id.)  Plaintiff was taken to the police station and detained. (Id. at 4.)  In March 2008, the charges against Plaintiff were dismissed. (Id.)

On July 1, 2009, Plaintiff filed a Complaint against Defendant Chirichello, Defendant Sanna, and the Township of Lumberton ("Defendant Lumberton") alleging the above-referenced facts.  Plaintiff claims that Defendant Sanna and Defendant Chirichello conspired to deprive him of his civil rights, in violation of the federal and New Jersey Constitutions.  Additionally, Plaintiff asserts a claim of common-law trespass against Defendant Chirichello.

On August 26, 2009, Defendant Sanna and Defendant Lumberton

---

[1] It is unclear from Plaintiff's Complaint who called the police.

filed an Answer and Crossclaim against Defendant Chirichello. Defendant Chirichello subsequently filed this motion to dismiss for failure to state a claim and for lack of subject-matter jurisdiction.

**Standard of Review**

Defendant brings this motion to dismiss pursuant to both Rules 12(b)(6), for failure to state an actionable claim, and 12(b)(1), for lack of subject-matter jurisdiction. In deciding a Rule 12(b)(6) motion to dismiss, courts must view all allegations in the complaint in the light most favorable to the plaintiff, Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994), and accept any and all reasonable inferences derived from the facts alleged. Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991). Based upon the face of the complaint, courts must decide if "enough facts to state a claim for relief that is plausible on its face" have been alleged. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal citations omitted). In other words, courts must review the complaint to

determine: (1) if it alleges genuine facts, rather than mere legal conclusions; (2) if the facts alleged (assumed to be true), as well as the reasonable inferences drawn therefrom, establish a claim; and (3) if relief based upon the facts alleged is plausible. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

Rule 12(b)(1) motions may challenge subject-matter jurisdiction based upon a complaint's face or its underlying facts. Pittman v. Metuchen Police Dept., No. 08-2373, 2009 WL 3207854, *1 (D.N.J. Sept. 29, 2009) (citing James Wm. Moore, 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007)). "A facial attack questions the sufficiency of the pleading, and in reviewing a facial attack, a trial court accepts the allegations in the complaint as true." Id. A factual attack, by contrast, calls upon the court to engage in a weighing of the evidence. Id. Here, the Court will presume the truth of Plaintiff's allegations, since the motion challenges only the sufficiency of the Complaint.

**DISCUSSION**

**A.  § 1983 Conspiracy**

A private individual may be held liable in a § 1983 action if the plaintiff demonstrates a conspiracy between the State and the private individual. "Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and

5

laws of the United States." Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (internal citations omitted). However, § 1983 applies only "to acts of the states, not to acts of private persons or entities." Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982) (citing Civil Rights Cases, 109 U.S. 3, 11 (1883)). Private conduct will be considered "state action," however, if "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Brentwood Acad. v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 (2001) (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 349 (1974)).

Courts have held that a plaintiff may show a close nexus "by alleging and proving the elements of a civil conspiracy between a state and private actor to violate an individual's rights."[2] Martin v. Lakewood Police Dept., 266 Fed. Appx. 173, 176 (3d Cir. 2008) (citing Melo v. Hafer, 912 F.2d 628, 638 n. 11 (3d Cir. 1990)). "To make out a § 1983 conspiracy claim, the plaintiff must make specific factual allegations of a combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged

---

[2] A close nexus may also be shown when a defendant "is a state official, . . . acted together with or has obtained significant aid from state officials, or . . . [his or her] conduct is, by its nature, chargeable to the state." Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir 1999) (numbers omitted) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

6

chain of events in order to deprive plaintiff of a federally protected right." Fioriglio v. City of Atlantic City, 996 F. Supp. 379, 385 (D.N.J. 1998) (citing, inter alia, Darr v. Wolfe, 767 F.2d 79, 80 (3d Cir. 1985)). Furthermore, the plaintiff must plead, with particularity, the circumstances of the alleged conspiracy so that the defendant is put on notice of his or her alleged misconduct. Labalokie v. Capital Area Intermediate Unit, 926 F. Supp. 503, 508 (M.D. Pa. 1996). Specifically, a plaintiff must plead:

> (1) the circumstances of the alleged conspiracy, such as those addressing the period of conspiracy,
> (2) the object of the conspiracy, and
> (3) certain actions of the alleged conspirators taken to achieve that purpose.

Id. (citing, inter alia, Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989). If the plaintiff fails to plead sufficient facts to establish a conspiracy between a private individual and the State, a § 1983 claim relying upon a conspiracy theory of liability will not survive a motion to dismiss. See Scavello v. Township of Skippack, No. 08-5992, 2009 WL 3209538 *4 (E.D. Pa. October 01, 2009) ("It is not sufficient to survive a motion to dismiss . . . for a complaint to simply make conclusory allegations of concerted action but [be] devoid of facts actually reflecting joint action." (internal quotations omitted)).

Here, although Plaintiff alleges a conspiracy, (Compl. at

7

5), he fails to support this charge with facts from which a conspiracy can be inferred.  The only contact between Defendant Chirichello and Defendant Sanna, alleged in the Complaint, occurred when Defendant Sanna arrived at Plaintiff's home and "spoke primarily to Chirichello . . . ."  (Id. at 3.)  This averment does not establish an agreement or understanding between the parties, as required by Fioriglio, and certainly does not satisfy the additional pleading requirements set forth in Labalokie.

Since Plaintiff's Complaint does not allege facts sufficient to plead a § 1983 conspiracy claim, Defendant Chirichello's motion to dismiss will be granted as to Count Two.[3]

### B.  Subject-Matter Jurisdiction

Since the Court dismisses Count Two of Plaintiff's Complaint, it now addresses Defendant Chirichello's argument that the Court lacks subject-matter jurisdiction over Plaintiff's remaining state-law claims.  Defendant Chirichello argues that since the only remaining claims against him are state-law claims,

---

[3] The dismissal will be without prejudice.  In his Opposition Brief, Plaintiff makes the alternative argument that if the Court dismisses the Complaint, he should be granted leave to amend to cure its deficiencies.  (Pl.'s Opp'n Br. at 8-9.)  In making this request, Plaintiff has not complied with the requirements of Federal Rules of Civil Procedure 15(a)(2) and 7(b), as well as Local Civil Rule 7.1(f).  Plaintiff may move to amend his Complaint according to the procedure established by the above-mentioned federal and local rules.

this Court should dismiss him as a defendant entirely.

Defendant Chirichello is correct that "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). "They possess only that power authorized by Constitution and statute." Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). However, "Congress has conferred on the district courts original jurisdiction in federal-question cases . . . ." Exxon Mobil Corp., 545 U.S. at 552 (2005); see 28 U.S.C.A. § 1331. Therefore, if a plaintiff brings a suit raising a federal question, federal courts have original jurisdiction over the case.

Additionally, federal courts can have supplemental jurisdiction over state-law claims that a plaintiff may bring in a federal-question case. This is because "it is well established . . . that, once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." Id. The Supreme Court has held that cases meet the case or controversy requirement when "[t]he state and federal claims . . . derive from a common nucleus of operative fact." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966). Accordingly, if "a plaintiff's claims are such that he

9

would ordinarily be expected to try them all in one judicial proceeding, then . . . there is power in federal courts to hear the whole." Id. However, supplemental jurisdiction is not a plaintiff's right. A federal court should only exercise supplemental jurisdiction after considering "judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims . . . ." Id. Therefore, if a plaintiff's state-law claims derive out of the same common nucleus of operative facts as his federal claims, and judicial economy, convenience and fairness to the litigants are not compromised, a federal court can exercise supplemental jurisdiction over those state-law claims.

This Court has supplemental jurisdiction over Plaintiff's state-law claims against Defendant Chirichello. The state-law claims survive, despite the Court's dismissal of the § 1983 claims against Defendant Chirichello, because this Court retains original jurisdiction over Plaintiff's other § 1983 claims against Defendant Sanna and Defendant Lumberton. See Exxon Mobil Corp., 545 U.S. at 552 (2005). Since all of Plaintiff's claims arise out of the same confrontation between Defendant Chirichello, Defendant Sanna, and Plaintiff (see generally Compl.), this Court can exercise supplemental jurisdiction over Plaintiff's state-law claims. Additionally, judicial economy,

convenience and fairness are not compromised by the Court's exercise of supplemental jurisdiction.  Accordingly, Defendant's motion to dismiss for lack of subject-matter jurisdiction will be denied.

## Conclusion

Based upon the foregoing, Defendant Chirichello's motion to dismiss shall be granted as to Count Two of Plaintiff's Complaint, but denied to the extent that the Court does not lack subject-matter jurisdiction over the remaining state-law claims.

Dated: November 13, 2009              s/Renée Marie Bumb
                                      RENÉE MARIE BUMB
                                      UNITED STATES DISTRICT JUDGE